IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARCELO SANDOVAL,

                     Plaintiff,                      OPINION AND ORDER

    v.
                                                      18-cv-857-wmc

LIEUTENANT JOHN DOE and
MR. TAIM,

                     Defendants.

*Pro se* plaintiff Marcelo Sandoval filed this lawsuit in the Eastern District of Wisconsin on February 21, 2018, bringing various claims against multiple defendants at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). On April 9, 2018, Magistrate Judge Nancy Joseph issued a screening order pursuant to 28 U.S.C. § 1915A, explaining that Sandoval's allegations were insufficient to state a claim for relief, and that he would need to file an amended complaint that corrected the deficiencies in the original complaint. Sandoval filed his proposed amended complaint on September 24, 2018, and on October 18, 2018, this case was transferred to this court. (Dkt. ##11, 12.) Sandoval's proposed amended complaint is ready for screening as required by 28 U.S.C. § 1915A. After reviewing the complaint, the court concludes that his amended complaint is subject to dismissal as well, but will give him one more opportunity to file a second amended complaint that corrects the deficiencies described below.

## ALLEGATIONS OF FACT[1]

While plaintiff Marcelo Sandoval is currently incarcerated at the Federal Correctional Institution in Hazelton, West Virginia, the events comprising his claims took place when he was incarcerated at FCI-Oxford in June of 2011. Sandoval is seeking leave to proceed against two individuals that were working at FCI-Oxford at that time, Lieutenant John Doe, and a teacher, Mr. Taim.

In June of 2011, Sandoval apparently told Mr. Taim that he had information about another inmate, and Mr. Taim told Sandoval he would "help him." Mr. Taim sent Sandoval to Lieutenant Doe so that Sandoval could provide Doe with information that would be helpful to the government. Sandoval had a conversation with Doe, during which Doe assured Sandoval that most of the inmates at FCI-Oxford had cooperated with the government and that nothing would happen to him. After this conversation, Doe sent Sandoval to the yard without taking any steps to protect him.

After that meeting, Sandoval was apparently harassed and threatened by other inmates, and eventually he was attacked, but Sandoval does not allege exactly when the attack occurred. Sandoval suffered a broken nose from the attack that has left him disfigured. He also alleges that he suffers arthritis as a result of the attack.

## OPINION

The court understands plaintiff to be pursuing this lawsuit under *Bivens v. Six*

---

[1] In addressing a pro se litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*Unknown Named Agents of Federal Bureau of Narcotic*, 403 U.S. 388 (1971), in which the Supreme Court "recognized an implied cause of action for damages against federal officers to redress a constitutional violation . . . ." *Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013). In particular, plaintiff is seeking to proceed on an Eighth Amendment failure to protect claim. The Eighth Amendment requires prison officials to ensure that "reasonable measures" are taken to guarantee inmate safety and prevent harm. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner may prevail on such a claim by alleging that (1) he faced a "substantial risk of serious harm" and (2) the identified prison officials acted with "deliberate indifference" toward that risk. *Id.* at 834.

Plaintiff may not proceed at this time because his allegations fail to meet the requirements of Federal Rule of Civil Procedure 8. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's sparse and imprecise allegations in his proposed amended complaint do not support a failure to protect claim against either defendant. In particular, wholly absent from his amended complaint is any allegation that plaintiff informed either Lieutenant John Doe or Mr. Taim that other inmates had been threatening him *after* plaintiff met with Doe. Accordingly, it would be unreasonable to infer that either defendant even knew that plaintiff was facing a risk of harm prior to his assault, much less that either of them acted

3

with deliberate indifference to such a risk.

However, out of deference to plaintiff's *pro se* status, before dismissing plaintiff's amended complaint, the court will give plaintiff the opportunity to amend his complaint again to include more specific information about his conversation with Doe and/or his belief that the defendants failed to protect him from harm. If plaintiff submits a proposed amended complaint no later than **May 15, 2019**, the court will take it under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). In preparing his amended complaint, plaintiff should take care to provide specific information about what he told Doe during their June 2011 meeting, when he informed both Doe and Taim that he was being threatened by other inmates, and when exactly he was attacked. Plaintiff should use the legal standards set forth above as guidelines. Further, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his second amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1. Plaintiff Marcelo Sandoval may have until **May 15, 2019,** to amend his complaint to address the deficiencies described above.

2. If Sandoval does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2). If the amended complaint fails to comply with this order, the court will dismiss the complaint and this action pursuant to Fed. R. Civ. P. 41(b).

Entered this 24th day of April, 2019.

>BY THE COURT:
>
> /s/
> _____
> WILLIAM M. CONLEY
> District Judge