IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCELO SANDOVAL,

                Plaintiff,

v.

JANE DOE 1, WARDEN FCI OXFORD,
JOHN DOE 2 LIEUTENANT FCI OXFORD,
JOHN/JANE DOE 3, WARDEN USP TERRE HAUTE,
JOHN DOE 4, PROGRAM DIRECTOR USP
TERRE HAUTE, JUDY SPAHN, ARNP FCI OXFORD,
and JANE DOE 5, PROBATION DEPARTMENT
PSR PREPARER,

                Defendants.

OPINION AND ORDER

18-cv-857-wmc

---

*Pro se* plaintiff Marcelo Sandoval filed this lawsuit in the Eastern District of Wisconsin on February 21, 2018, asserting various claims against multiple defendants at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), based on their alleged failure to protect him from assaults, and against one defendant for her alleged failure to provide medical care following one of the assaults. After that, the Eastern District required Sandoval to file a proposed amended complaint and transferred the case to this court. After screening Sandoval's amended complaint, this court then concluded that Sandoval's amended complaint failed to satisfy the requirements of Federal Rule of Civil Procedure 8 and gave him one more opportunity to amend his complaint. Sandoval has now filed a proposed second amended complaint, adding additional defendants who were employed at U.S.P. Terre Haute, where he was also assaulted. (Dkt. #19.) However, despite the court's instructions explaining the requirements of Rule 8, Sandoval has failed to allege facts that would support a constitutional claim against any of the proposed

defendants. Accordingly, the court will dismiss his lawsuit for failure to state a claim upon which relief can be granted.

## ALLEGATIONS OF FACT[1]

While plaintiff Marcelo Sandoval is currently incarcerated at the Federal Correctional Institution in Lisbon, Ohio, the events comprising his claims took place when he was incarcerated at FCI-Oxford in June of 2011, and at USP Terre Haute in 2013. Under his proposed amended complaint, Sandoval now seeks leave to proceed against: Jane Doe, the warden at FCI-Oxford; John Doe 2, a lieutenant at FCI-Oxford; John or Jane Doe 3, the warden at U.S.P. Terre Haute, Indiana; John Doe 4, the program director at U.S.P. Terre Haute, Indiana; July Spahn, an ARNP at FCI-Oxford; and Jane Doe 5 a presentence report ("PSR") preparer in Chicago, Illinois.

The allegations in Sandoval's latest complaint also expand beyond those in his previous complaints, providing some additional context as to why he has been repeatedly assaulted. In particular, Sandoval alleges that Jane Doe 5, who prepared his PSR in Chicago, Illinois, included false information about his affiliation with the Mexican mafia and further allowed PSR to be released prior to his sentencing. Sandoval does not provide the details included in his PSR, when or how that information was disclosed, or when he was sentenced, but Sandoval claims that the improper and inaccurate disclosure caused him to suffer three assaults while incarcerated.

---

[1] In addressing a pro se litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing all reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

With respect to his time at FCI-Oxford, Sandoval claims that the warden and Lt. Doe failed to protect him from an assault on June 6, 2011. As for the warden, Sandoval appears to allege that because he was aware of an assault/fight involving Sandoval on February 28, 2008, the warden should have prevented Sandoval's 2011 assault. However, Sandoval does not provide any details about the nature of the original 2008 attack, nor does Sandoval allege that he informed the warden of any threats in the days leading up to the second, 2011 attack, coming as it did multiple years later. Instead, in the days leading up to the June 7, 2011, attack, Sandoval alleges he met with an individual named "Mr. Taim" to provide information about another prisoner. This then appears to have led to a conversation between Sandoval and Lieutenant Doe, during which Sandoval expressed concern that information from his PSR was "floating around" and asked to be placed in protective custody. Apparently, Lt. Doe assured Sandoval that most of the inmates at FCI-Oxford had cooperated with the government and that nothing would happen to him. After this conversation, Lt. Doe sent Sandoval back to general population without taking any steps to protect him.

That same day, Sandoval was attacked, during which he suffered a broken nose that has left him disfigured. He also alleges that he suffers from arthritis as a result of the attack. He further alleges that Nurse Spahn failed to provide "full medical care" for his injuries until the following day, at around 5:00 p.m.

Although Sandoval does not allege when, he was apparently transferred to USP Terre Haute sometime after the 2011 attack, where he was placed in a "special program" that kept him separated from other prisoners. Nonetheless, in 2013, the program director

(John Doe 4) again allowed him to be placed in general population. A few months later -- on July 22, 2013 – he was attacked once again. Sandoval claims that the warden there, John Doe 3, should also have prevented that attack, and the program director should not have placed him in general population knowing his history of past assaults.

OPINION

The court understands plaintiff to be pursuing this lawsuit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotic*, 403 U.S. 388 (1971), in which the Supreme Court "recognized an implied cause of action for damages against federal officers to redress a constitutional violation." *Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013). Specifically, plaintiff seek to assert two different claims under the Eighth Amendment for failure to protect and deliberate indifference. The court addresses the viability of both below.

I. **Failure to Protect**

First, plaintiff seeks to proceed on Eighth Amendment failure-to-protect claims against FCI-Oxford's warden, the PSR preparer, Lt. Doe, USP Terre Haute's warden, and the USP Terre Haute's program director. The Eighth Amendment requires prison officials to ensure that "reasonable measures" are taken to guarantee inmate safety and prevent harm. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To proceed on such a claim, however a prisoner must allege that (1) he faced a "substantial risk of serious harm" and (2) the identified prison officials acted with "deliberate indifference" toward that risk. *Id.* at 834. Here, none of plaintiff's allegations support an Eighth Amendment failure to protect claim.

As an initial matter, prison officials cannot be held liable for a failure to protect an inmate from generalized threats that are typical in the prison setting. *See Gevas v. McLaughlin*, 798 F.3d 475, 480-81 (7th Cir. 2015) ("[A] generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger," whereas "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk."); *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (plaintiff's expression that he feared for his life was insufficient, since he did not identify who was threatening him or what the threats were). Wholly absent from plaintiff's second amended complaint is any allegation giving rise to an inference that plaintiff told any of the defendants that another prisoner threatened him. The closest plaintiff comes to alleging he reported a threat to one of the defendants was his telling Lt. Doe about his concern that other prisoners knew about the disclosures in his PSR. Yet plaintiff's general concern about other prisoners is not enough, at least by itself, to put Lt. Doe on notice under the Eighth Amendment that plaintiff was facing a specific, credible and imminent threat from other prisoners.

As for the remaining defendants, their knowledge that plaintiff had been attacked by other prisoners in the past is also insufficient by itself to oblige any of them to keep him out of general population indefinitely. In particular, without more, knowledge of the 2008 assault was too remote to support a reasonable inference that FCI-Oxford's warden or Lt. Doe had reason to believe plaintiff continued to be at risk of an attack in June of 2011.

5

The same is true with respect to the USP Terre Haute defendants, who are alleged to have known about the 2011 attack when they allowed him to be placed in general population in 2013. Accordingly, the court concludes that, despite plaintiff's efforts to amend his complaint to include additional details about his belief that these defendants failed to protect him from a specific, credible and imminent threat, he again fails to state a claim upon which relief can be granted, and these defendants will be dismissed.[2]

## II. Deliberate Indifference

As for Spahn, plaintiff claims that she acted with deliberate indifference to his serious medical need in failing to treat him for his injuries until the day after his June 7, 2011, attack. Certainly, a prison official violates the Eighth Amendment by acting with "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Yet plaintiff has not alleged that Spahn saw him on the day of the attack, nor that Spahn knew that plaintiff had been attacked that day. Therefore, it would be unreasonable to infer that she acted with deliberate indifference to his serious medical need in treating him for his injuries the following day. Accordingly, plaintiff may not proceed on a claim against Spahn either, and

---

[2] If the court were not dismissing all defendants, plaintiff would also not be able to proceed against the FCI-Oxford defendants and the USP Terre Haute defendants in the same lawsuit. Federal Rule of Civil Procedure 20 permits a plaintiff to proceed against as many defendants as he wants in one action *provided* that the claims arise from the same transaction or occurrence or series of transactions or occurrences, and Federal Rule of Civil Procedure 18 permits plaintiffs to join claims that share a common defendant. However, given that plaintiff does not allege facts connecting the assaults that occurred at FCI-Oxford and USP Terre Haute, nor that these two institutions share a common defendant, it would violate Rule 20 for plaintiff to proceed against both groups of defendants in the same lawsuit.

the court will dismiss this lawsuit for plaintiff's failure to state a claim upon which relief can be granted. The court will further issue plaintiff a strike in accordance with 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Marcelo Sandoval's second amended complaint (dkt. #19) is DISMISSED for failure to state a claim upon which relief can be granted.

2. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes," or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 29th day of May, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge